The facts of the case, and the exceptions, are set forth at large in the opinion of the Chief Justice.
Tilghman C. J.
In this case there were three arbitrators appointed. At the time fixed for their first meeting, only two of them attended. Both plaintiff and defendant appeared, and at the request of the defendant, and with the consent of the plaintiff, the arbitrators adjourned. The three arbitrators met pursuant to the adjournment, and after being sworn, decided the cause; the plaintiff being present, and the defendant not attending. The plaintiff takes several exceptions to these proceedings.
Exception 1. That the arbitrators adjourned without being sworn. ,
*232 If the defendant had not requested an adjournment, it would have been the duty of the arbitrators to have appointed a person in the place of their colleague, who did not attend. But having done that, they must have adjourned, because it would have been necessary to give reasonable notice to the person appointed. There would have been no occasion, however, for them to be sworn, till all three met. This will appear from the 9th and 10th sections of the act of the 20th of March, 1810, under which the proceedings were had. But it is not for the defendant to complain of the adjournment, which was made at his own request. It was reasonable that this request should be complied with, because it gave an opportunity for deciding the cause by the three arbitrators originally appointed.
Exception 2. That the two arbitrators who first met ought to have appointed a third, in the place of him who was absent. This exception is answered by the remarks made before. The defendant is estopped from objecting to his own request.
Exception S. That the award was not filed in the office of the prothonotary within seven days from the time of its being agreed upon by the arbitrators. It is true that by the 7th section, the arbitrators are directed to transmit their award to the prothonotary in seven days ; but if they fail in the performance of this duty, it is not said that the award shall be void. Indeed it would be most unjust, that the party should lose the benefit of the award, without any default of his own. This part of the act is therefore to be considered as no more than a direction to the arbitrators; for the breach of which of which they are responsible. That this is the intent of the law, appears clearly by the 25th section. The arbitrators forfeit their pay unless the award is transmitted in seven days.
These are all the exceptions brought forward by the plaintiff in error. I am of opinion, that none of them have been supported, and therefore the judgment should be affirmed.
Yeates J.
I cannot see that the 10th section of the arbitration act of 20th March, 1810, obliges the arbitrators to be sworn or affirmed, until they proceed to discharge the duties enjoined on them. At all events, when the full number do not meet from some casualty, and the hearing is adjourned *233 over at the instance of one of the parties, it is perfectly clear that such party cannot assign a matter agreed to upon his^ own request as error. If that request is denied, as in the present case, that fact should have been verified to the court below. Sitting as a court of error we are concluded by the statement made in the award.
The same section declares, that after the arbitrators have agreed upon their report, they shall transmit it to the prothonotary within seven days; and the 25th section provides, that in defect thereof, they shall receive no daily pay, or compensation for their services. The duty of conveying the report to the office of the prothonotary is devolved on the arbitrators, and it is reasonable, that they should be mulcted for a transgression of the provision within the limited period. But to visit their offences on an unoffending suitor, who has no controul over them, would be manifestly unjust. If the report here had been intrusted to the plaintiff below, and he had kept it back from any sinister view, or if the filing of it had been procrastinated by his procurement, the court would be justified in interposing their summary powers, and punishing the delinquent. Nothing of this kind appears in the present case. I consider the filing of the report within fourteen days after it was agreed upon, as the mere act of the arbitrators, for which they forfeit their compensation, but that this does not vitiate their award.
I am therefore of opinion, that the judgment of the Court of Common Pleas be affirmed.
Brackenridge J. concurred.
Judgment affirmed.